**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4277**

———————

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

JAMES MATTHEW GREER,

  Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00405-CCE-2)

———————

Submitted: November 17, 2016    Decided: November 21, 2016

———————

Before GREGORY, Chief Judge, and MOTZ and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Mark E. Edwards, EDWARDS AND TRENKLE, PLLC, Durham, North Carolina, for Appellant. Kimberly Furr Davis, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Matthew Greer and a co-defendant robbed a Walgreens pharmacy of controlled substances. Greer pled guilty to interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 & 2 (2015). The district court sentenced him to 102 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning the propriety of the sentencing enhancements for brandishing a firearm and for physically restraining a person during the offense. Greer has filed a pro se supplemental brief, asserting these same issues. We affirm.

We review Greer's sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We must first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. United States v. Dowell, 771 F.3d 162, 170 (4th Cir. 2014). If we find no procedural error, we also examine the substantive reasonableness of the sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the

2

goals of sentencing. See 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). Greer bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

Our review of the record reveals that Greer's sentence is reasonable. The district court properly determined Greer's offense level, including the two challenged enhancements. During the commission of the robbery, Greer's co-defendant brandished a firearm. This qualifies Greer for the enhancement, which provides for a five-level enhancement "if a firearm was brandished or possessed." U.S. Sentencing Guidelines Manual ("USSG") § 2B3.1(b)(2)(C) (2015).

A two-level enhancement is imposed "if any person was physically restrained to facilitate commission of the offense." USSG § 2B3.1(b)(4)(B). This enhancement was properly applied based on the fact that the night manager of the store was ordered to lay face-down on the ground and Greer stood over him and did not allow him to get up while Greer's co-defendant directed the pharmacist to place the narcotics inside a plastic bag.

The court correctly calculated Greer's Guidelines range as 100-125 months, heard arguments from both parties, considered the sentencing factors of 18 U.S.C. § 3553(a), and explained its

3

rationale for the sentence it imposed. We conclude that the court adequately explained its reasons for the sentence imposed and that the 102-month sentence is not unreasonable and not an abuse of discretion. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying an appellate presumption of reasonableness to a sentence imposed within a properly calculated advisory Guidelines range); see also Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Greer's conviction and sentence. This court requires that counsel inform Greer, in writing, of his right to petition the Supreme Court of the United States for further review. If Greer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Greer. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4